# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CAPSMITH, INC,**

                                  **Plaintiff,**

**-vs-**                                  **Case No.  6:07-cv-1572-Orl-22KRS**

**JAMES S. WYSOPAL and JSW
ENTERPRISES, INC.  a California
corporation d/b/a Opener's Plus,**

                                  **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DISCOVERY FROM DEFENDANTS (Doc. No. 27)** |
| **FILED:** | **December 18, 2008** |
| | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION TO CONTINUE RULE 30(B)(6) DEPOSITION OF DEFENDANT JSW ENTERPRISES (Doc. No. 29)** |
| **FILED:** | **December 19, 2008** |
| | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

On January 7, 2008, the Court entered a Case Management and Scheduling Order establishing

a deadline for discovery of December 19, 2008.  Doc. No. 20.  On October 23, 2008, Plaintiff

Capsmith, Inc. ("Capsmith"), served its requests for production and admissions on James S. Wysopal

and JSW Enterprises, Inc. ("JSW"). Doc. No. 27 at 2. Defendants responded on December 5, 2008, by producing 1,693 documents and numerous virtually identical blanket objections. *Id.* at 5. James Wysopal, appearing as a representative of JSW pursuant to Fed. R. Civ. P. 30(b)(6), testified during a December 18, 2008, deposition in Orlando, Florida, that numerous documents responsive to Capsmith's requests exist but had not been produced. *Id.* at 12. On December 18, 2008, Capsmith filed a motion seeking to compel Defendants to provide full and complete responses to its document production requests and requests for admissions. *Id.*

On December 19, 2008, Capsmith filed a motion seeking leave to complete the Rule 30(b)(6) deposition of JSW because Defendants had not produced all responsive documents and Wysopal testified that another of JSW's employees, Rob Davey, was the person best able to testify about certain areas of inquiry set forth in the Rule 30(b)(6) notice of deposition. Doc. No. 29 at 2-3. Capsmith asks that the Court order the continued Rule 30(b)(6) deposition to be conducted in Orlando, Florida, rather than in California. *Id.* at 4.

In light of the December 19, 2008, discovery deadline, on December 22, 2008, the Court ordered Defendants to "file a response to the motions on or before December 29, 2008." Doc. No. 31. On the afternoon these responses were due, Defendants filed motions seeking enlargements of time to January 12, 2009, or, in the alternative, January 5, 2009, to respond. Doc. Nos. 32, 33. The Court denied both motions shortly thereafter. Doc. No.34. Defendants have not filed a response to the motions as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motions as unopposed.

It is, therefore, **ORDERED** that, on or before January 7, 2009, Defendants shall produce all responsive documents within their possession, custody, or control to the extent requested in the motion. All objections to these discovery requests, other than legal privileges and protections, have been abandoned by failing to provide support for them in a timely response to the present motion to compel. Should Defendants assert that any responsive information or documents are privileged or protected, they shall serve concurrently a privilege log that complies with my Standing Order Regarding Privilege Logs, found online at http://www.flmd.uscourts.gov – Judicial Info – Judge Spaulding – Standing Orders.

It is further **ORDERED** that, on or before January 12, 2009, Defendants shall produce James Wysopal, Rob Davey, and any other necessary representative of JSW in Orlando, Florida for a continuation of the Rule 30(b)(6) deposition of JSW. The reopened deposition shall be conducted on or before January 12, 2009, on a date, time, and location selected by counsel for Capsmith.

Finally, in its motion to compel, Capsmith specifically requested that the Court order Defendants to admit to Capsmith's Request for Admission No. 23 that "Defendants' claims for money damages for infringement of the '284 Patent have accrued since October 23, 2007." Doc. No. 27 at 11. Defendants' response to that request was as follows:

> Defendants admit that monetary damages for infringement of the '284 Patent have accrued since October 23, 2007.
>
> Notwithstanding, Defendants object to this request as being improper and directed to ultimate legal and factual issues which require resolution by the court and the Jury. The request is also improper and objectionable as it seeks answer to questions of law and legal conclusions invading the province of the Court for Claim interpretation and construction, and thereafter the province of the fact finder for infringement determinations. The Court's Scheduling Order also

> provides for this subject matter being involved in Markman hearings and Expert Witness reports, all of which is premature at this time. While preserving these objections, *See, Also,* Defendants/Counter-Plaintiffs' Counter-claims filed in this action, and Plaintiffs/Coutner-Defendants Answer.

Doc. No. 27 at 11.

Fed. R. Civ. P. 36 requires that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).   "The purpose of Rule 36 is to limit the factual issues in a case, and thereby reduce trial effort and promote efficient litigation.   In order for its purpose to be fulfilled, the requesting and responding parties should be direct, specific, and not vague or ambiguous in their requests and responses. . . . If qualification is necessary, the answering party must specify what part of the request it is not objecting to, and qualify or deny the remainder of the request.  A general denial is not sufficient." *Interland, Inc. v. Bunting*, No. 1:04-CV-444-ODE, 2005 WL 2414990, at * 8 (N.D. Ga. March 31, 2005)(internal citations omitted).   In addition, Rule 36 does not permit a party to "object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

Defendants' objection was improper because it was not a fair qualification of its admission. The request for admission did not seek the amount of damages or address issues of claim interpretation or construction.  Rule 36 prohibits an objection based on invasion of the realm of determinations reserved to the fact finder.   Finally, to the extent that any portions of the objection were proper, Defendants have waived the objection by failing to support it in a response to the motion. Accordingly, the objection to Request for Admission 23 is **STRICKEN,** and Defendants are deemed

-4-

to have "admit[ted] that monetary damages for infringement of the '284 Patent have accrued since October 23, 2007."  Doc. No. 27 at 11.

The date for filing dispositive motions is not extended by this Order.  The parties shall not cite or rely upon this Order as a basis to seek an enlargement of other deadlines in this case.

**DONE** and **ORDERED** in Orlando, Florida on December 31, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE