# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CAPSMITH, INC,**

         **Plaintiff,**

**-vs-**                                         **Case No. 6:07-cv-1572-Orl-22KRS**

**JAMES S. WYSOPAL and JSW ENTERPRISES, INC., a California corporation d/b/a Opener's Plus,**

         **Defendants.**

_____

## ORDER

This cause came on for consideration after oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 37 FOR FAILURE TO COMPLY WITH THE COURT'S DECEMBER 31, 2008, ORDER (Doc. No. 44)** |
| **FILED:** | **January 21, 2009** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I. INTRODUCTION.

Plaintiff Capsmith, Inc. ("Capsmith") seeks sanctions pursuant to Fed. R. Civ. P. 37 against Defendants James S. Wysopal and JSW Enterprises, Inc. ("JSW") for failure to comply with the Court's discovery order of December 31, 2008, Doc. No. 35 (the "Discovery Order"). Specifically, Capsmith asks the Court to impose sanctions for Defendants' failures to provide a timely, full, and complete document production and privilege log, and to secure the attendance of JSW's representatives at a Court-ordered deposition. Defendants filed a memorandum in opposition to the

motion. Doc. No. 47. The Court held oral argument on January 28, 2009, and received evidence. Doc. No. 49. Accordingly, this matter is ripe for consideration.

## II. BACKGROUND.

*A. Relevant Pre-Motion Proceedings.*

On January 7, 2008, the Court entered a Case Management and Scheduling Order establishing December 19, 2008, as the discovery deadline and January 19, 2009, as the date for filing dispositive motions. Doc. No. 20. On October 23, 2008, Capsmith served requests for production on Defendants Doc. No. 27 at 2. Defendants responded on December 5, 2008, by producing 1,693 documents and numerous virtually identical blanket objections. *Id.* at 5.

Capsmith also noticed a deposition of JSW pursuant to Fed. R. Civ. P. 30(b)(6). James Wysopal appeared at the December 18, 2008, deposition, which was conducted in Orlando, Florida, as the sole representative of JSW. Among other things, Wysopal testified that numerous documents responsive to Capsmith's requests for production existed but had not been produced. *Id.* at 12. He also testified that another JSW's employee, Rob Davey, was the person best able to testify about certain areas of inquiry set forth in the Rule 30(b)(6) notice. Doc. No. 29 at 203.

Thereafter, on December 18 and 19, 2008, Capsmith filed a motion to compel Defendants to produce all of the documents responsive to its requests for production and to produce a privilege log for any responsive documents withheld from discovery, and a motion to continue the Rule 30(b)(6) deposition after it received the additional documents. Doc. Nos. 27, 29. Capsmith asked that the Court order the continued Rule 30(b)(6) deposition to be conducted in Orlando, Florida. *Id.* at 4.

In light of the December 19, 2008, discovery deadline, on December 22, 2008, the Court ordered Defendants to "file a response to the motions on or before December 29, 2008." Doc. No. 31.

On the afternoon these responses were due, Defendants filed motions seeking enlargements of time to January 12, 2009, or, in the alternative, January 5, 2009, to respond. Doc. Nos. 32, 33. The Court denied both motions shortly thereafter. Doc. No. 34. Defendants subsequently failed to answer the motions.

The Court granted both motions as unopposed. Doc. No. 35. The Court required Defendants to "produce all responsive documents within their possession, custody, or control to the extent requested" in Capsmith's motion by January 7, 2009. *Id.* at 3. The Court also required Defendants to "produce James Wysopal, Rob Davey, and any other necessary representative of JSW in Orlando, Florida for a continuation of the Rule 30(b)(6) deposition of JSW" on or before January 12, 2009. *Id.*

*B. The Instant Motion and Response.*

On January 21, 2009, Capsmith filed the present motion for sanctions. Capsmith represented that Defendants provided only fifteen additional documents to Capsmith's counsel by January 7, 2009. Doc. No. 44 at 3. Capsmith received approximately 450 pages of documents in two discs and eight packages of catalogs by overnight delivery on January 9, 2009. *Id.* On January 27, 2008, Capsmith received an additional 98 documents apparently produced from the files of Eric Karich, Esq., patent counsel for Defendants. Doc. No. 47-2 at 16-18.[1]

Capsmith also represented in the sanctions motion that Defendants failed to produce Wysopal and Davey at the continuation of the Rule 30(b)(6) deposition. Doc. No. 44 at 4. Capsmith indicated

---

[1] In the sanctions motion, Capsmith also argued that Defendants had not served a privilege log in support of its objections based on the attorney-client privilege and work-product doctrine. At oral argument, counsel for Defendants represented that no responsive documents had been withheld based on a privilege or protection. Accordingly, no further discussion of sanctions for privilege violations is necessary.

that counsel for Defendants attempted to reschedule the deposition for January 8 or January 9, 2009, but Capsmith declined to do so because its counsel had not received the documents. *Id.* At 2:39 p.m. on January 9, 2009, counsel for Defendants advised counsel for Capsmith in a e-mail communication that Wysopal and Davey would be out of town on January 12, 2009 at a trade show and could only appear at the deposition by telephone. *See* Doc. No. 44 at 14; Capsmith Hrg. Ex. 10. Counsel for Capsmith declined to conduct the deposition by telephone. Defendants did not file a motion for a protective order regarding the continuation of the January 12, 2009 deposition.

Capsmith filed a motion for summary judgment on January 13, 2009. Doc. No. 38. In that motion, Capsmith relies on Wysopal's testimony at the Rule 30(b)(6) deposition conducted on December 18, 2008, to establish that Defendants first offered for sale the baseball caps associated with the latter three of the four patents at issue in this case in August 2004. Doc. No. 44 at 6-7; *see also* Doc. No. 38.

After Capsmith filed its motion for summary judgment, counsel for Defendant indicated "that Defendants intend to prove a date later than August 2004," in an attempt to avoid a statutory one-year bar under 35 U.S.C. § 102(b) that runs from the date a product is first offered for sale. Doc. No. 44 at 7.

On January 21, 2009, Capsmith filed the present motion for sanctions. It seeks an award of the attorneys' fees and costs it incurred in filing the motion. It also suggests that "an appropriate sanction would be an adverse determination that Defendants' sales of the baseball caps shown in Defendants' '622, '130 and '284 patents began in August 2004, as Mr. Wysopal testified on several occasions during his December 18, 2008 deposition." *Id.*

On January 27, 2009, the day before the hearing on this matter, Defendants filed a response to Capsmith's motion for sanctions. Doc. No. 47. Defendants offered evidence that they attempted to deliver documents in response to the Discovery Order by e-mail on January 7, 2009, but that Capsmith's counsel's e-mail system rejected the e-mails automatically because the files attached were too large. *Id.* at 3; Doc. No. 47-5. Accordingly, Defendants' counsel forwarded the production by Federal Express for delivery on January 9, 2009. Doc. No. 47 at 4.

With respect to documents produced on January 27, 2009, Defendants submitted the affidavit of Attorney Karich. Karich avers that he was served with Capsmith's January 24, 2008, and October 23, 2008, document requests, that he searched his records three different times, *id.* ¶¶ 3-6, and that only after Defendants' litigation counsel requested that he confirm he had no other documents did he locate additional paper records and e-mail messages. *Id.* ¶¶ 7, 9. Karich avers that he is in the process of converting his practice to an electronic record keeping system, but he still has unorganized paper records and undifferentiated samples from various clients. Karich attests that he is "almost certain" that he has no other documents or photographs, and has "no idea" if he has any original samples, because he has many such samples but does not mark them in any special way. *Id.* ¶ 8, 10-11. He further avers he has not yet completed his review of his unorganized records for additional responsive documents or product samples. *Id.*

With respect to Wysopal's testimony regarding the first date that the baseball caps at issue were offered for sale, Defendants argue that Wysopal's testimony was a single "misstatement . . . during his December 18, 2008, deposition." Doc. No. 47 at 5. They filed an affidavit of Wysopal addressing why his testimony was allegedly not accurate on December 18, 2008. Doc. No. 47-4 (hereinafter "Wysopal Aff. No. 1"). During the hearing, Defendants submitted an errata sheet signed

by Wysopal on January 27, 2009, but not yet received by counsel for Capsmith. Court's Ex. 1 (hereinafter "Errata Sheet"). In the Errata Sheet, Wysopal seeks to amend approximately fifteen statements regarding the date the baseball caps were first offered for sale to reflect that date as 2005, rather than 2004. *Id.* at 2-4 (altering dates in Wysopal Dep. at 22, ll. 8, 10, 15; 46, l. 6; 48, ll. 10, 24; 50, l. 6; 51, l. 14; 52, l. 3; 53, ll. 4, 15; 64, l. 16; 70, l. 15; 71, l. 7; 72, l. 13; 78, l. 5; 132, l. 23; 133, l. 11; 138, l. 25; 139, ll. 5, 21, 24; 151, ll. 6, 9).

After the hearing, Wysopal filed a second affidavit, along with additional documents, in support of the memorandum in opposition to Capsmith's motion for summary judgment. Doc. No. 58 (hereinafter "Wysopal Aff. No. 2"). Wysopal Aff. No. 2 addresses the same substantive issues as the Errata Sheet in a narrative attempting to revise the dates offered in his deposition testimony. *Id.* None of the additional documents accompanying Wysopal's Aff. No. 2 – copies of the patents at issue, Doc. Nos. 58-3, 58-9, photographs of the patented hat designs, Doc. Nos. 58-4, 58-8, a scanned document purportedly showing an advertisement for the patented hat designs in a September 2005 catalog,[2] Doc. No. 58-5, a scanned advertisement in a Winter 2007 catalog for the patented hat designs, Doc. No. 58-6, and an e-mail concerning manufacturing the patented hat designs dated May 2, 2007, Doc. No. 58-7 – specifically supports either Wysopal's testimony that the baseball hats were first offered for sale in August 2004 or his Errata Sheet revision of the date to 2005.

## III. APPLICABLE LAW.

Under Rule 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just."

---

[2] The scanned document is undated.

For purposes of Rule 37, "an evasive or incomplete disclosure" is to be treated as a failure to respond. Fed. R. Civ. P. 37(a)(4). A court may grant sanctions against a "disobedient party [and/or] the attorney advising that party," *id.* at 37(b)(2)(C), who "fails to obey an order to provide or permit discovery." *Id.* at 37(b)(2)(A); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985)(The court may also "penalize uncooperative attorneys or parties litigant in discovery proceedings by requiring the payment of 'reasonable expenses, including attorney's fees, caused by the failure . . . .'")(internal citations omitted).

The district court has broad discretion to fashion appropriate sanctions for the violation of discovery orders or discovery obligations. *United States v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976). Some of the available sanctions are set forth in Rule 37 as follows:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). *See also* Fed. R. Civ. P. 37(c), (d). "Instead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). Although dismissal for a violation of a discovery order is an option, less drastic remedies should be considered. *Mene v. Marriott Int'l, Inc.*, 238 Fed. App'x 579, 581-82 (11th Cir. 2007). A court may grant sanctions against a party under Rule 37(b)(2) if there is noncompliance with a court order, notwithstanding a lack of wilfulness or bad faith, although such factors "are relevant . . . to the sanction to be imposed for the failure." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2283 at 608 (2d ed. 1994); *accord Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

## IV. ANALYSIS.

The record establishes that Defendants violated the Discovery Order compelling production of documents and requiring Wysopal, Davey, and any other necessary representative of JSW to appear at the continuation of the Rule 30(b)(6) deposition on or before January 12, 2009. The issues presented are whether the violations were substantially justified, the prejudice suffered by Capsmith, and the "just" sanctions to impose, if any.

*A.     Substantial Justification.*

When, as here, the movant has presented prima facie evidence that Defendants violated the Court's order, Defendants have the burden to show that they made all reasonable efforts to comply with the Court's order. *See In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989).

With respect to the production of documents, Defendants have adequately presented justification for production documents on January 9, 2009, rather than January 7, 2009, due to the problems with electronic transmission of the documents. They promptly sent the documents by

overnight delivery. These were reasonable efforts to comply with the Discovery Order under these circumstances.

With respect to the production of documents on January 27, 2009, apparently from Attorney Karich, Defendants have not established that they made all reasonable efforts to comply with the Discovery Order. Karich avers that he received Capsmith's requests for production, but he does not attest that he received the Discovery Order. Rather, shortly before the hearing on the motion for sanctions, Defendants' counsel requested that Karich confirm that he did not have any responsive documents in his possession. Doc. No. 47-3 ¶ 7. Thereafter, Karich provided responsive e-mails to Defendants' counsel by overnight delivery on January 26, 2009. *Id.* ¶ 9. Karich further avers that his search for responsive documents is not yet complete. *Id.* ¶ 8. Thus, the information before the Court establishes that Defendants did not provide Karich with a copy the Discovery Order and did not take steps to ensure that he had produced all responsive documents in his possession by the January 7, 2009 due date for production.

With respect to the failure to produce Wysopal, Davey, and other necessary representatives of JSW for the continued Rule 30(b)(6) deposition on or before January 12, 2009, Defendants have also failed to establish that they made all reasonable efforts to comply with the Discovery Order. Defendants' counsel did not disclose the need for Wysopal and Davey to attend the trade show until 2:39 p.m. on Friday, January 9, 2009, *see* Doc. no. 44 at 14, even though Defendants' counsel conceded during the hearing on the motion for sanctions that the trade show was not scheduled on short notice. Capsmith's counsel was justified in his refusal to reschedule the deposition to an earlier date because he had not timely received the documents ordered to be produced or had an opportunity to review the documents after they were delivered on January 9, 2009. Capsmith's

counsel was also justified in not extending the date to complete the continued deposition because the date was established by Court order. Finally, Defendants did not file a motion for a protective order seeking to extend the date for the continuation of the Rule 30(b)(6) deposition to accommodate the trade show. Thus, Defendants have not established that they made all reasonable efforts to comply with the Discovery Order regarding the continuation of the Rule 30(b)(6) deposition.

    *B.    Prejudice.*

Capsmith has been significantly prejudiced by Defendants' actions. There can be no doubt that there is an inherent inconsistency between Wysopal's deposition testimony, as a representative of JSW, that the baseball caps were first offered for sale in August 2004, and his Errata Sheet and Affidavits purporting to change the date to 2005. *See Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987).

Wysopal received the transcript of his December 18, 2008 testimony on December 29, 2008, two weeks before Capsmith filed its summary judgment motion. Doc. No. 52-2 at 2. He avers that he knew that he wished to make corrections to his earlier testimony before the January 12, 2009, deposition date. Wysopal Aff. No. 1 ¶ 5. Had he attended the Court-ordered deposition and changed his testimony during that deposition, Capsmith would have had the opportunity to cross-examine him. Instead, he waited until after the date that dispositive motions were due, and had been filed, to submit the Errata Sheet, thereby effectively precluding Capsmith from taking

discovery regarding the changed testimony.³ In essence, Wysopal and JSW wish to ambush Capsmith with substantively changed testimony. The Court cannot permit them to do so.

   C.   *Just Sanctions.*

The only sanction that cures the prejudice suffered by Capsmith is to preclude Defendants from making substantive changes to Wysopal's December 18, 2008 testimony for purposes of the pending dispositive motion. This can be accomplished by striking the Errata Sheet and Wysopal's Affidavits.⁴

This sanction is not too drastic under the circumstances discussed above. The Court has the discretion not to consider the changes in the testimony made in the Errata Sheet and Wysopal Affidavits even without the violation of the Discovery Order. *See Reynolds*, 320 F. Supp. 2d at 1301; *accord ChemFree Corp.*, 2008 WL 5234247. Striking the Errata Sheet and two Wysopal Affidavits for purposes of summary judgment is also consistent with the law in this Circuit that prohibits substantive modifications to deposition testimony through affidavits submitted to create

---

   ³ It appears that the Errata Sheet was timely served, but the timeliness of service is insufficient to overcome the prejudice created by Wysopal's failure to attend the continuation of the Rule 30(b)(6) deposition by the date established in the Discovery Order. I note that courts are split on the extent to which a deponent may make substantive changes to deposition testimony through the submission of an errata sheet. *Compare Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225-26 (9th Cir. 2005)(holding that "Rule 30(e) is to be used for corrective, and not contradictory, changes."); *ChemFree Corp. v. J. Walter, Inc.*, No. 1:04-cv-3711-JTC, 2008 WL 5234247 (N.D. Ga. Sept. 30, 2008); *Reynolds v. I.B.M. Corp.*, 320 F. Supp. 2d 1290, 1301 (M.D. Fla.), *aff'd*, 125 Fed. App'x. 982 (11th Cir. 2004), *with Margo v. Weiss*, 213 F.3d 55, 60-61 (2d Cir. 2000); *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103-04 (2d Cir. 1997); *Liberty/Sanibel II Ltd. P'ship v. Gettys Group, Inc.*, No. 2:06-CV-16-FtM-29SPC, 2007 WL 1109274, at *1 (M.D. Fla. April 12, 2007). Nevertheless, courts have held that an errata sheet may not be used to change substantive testimony given during a deposition in order to create an issue of fact for purposes of summary judgment. *See ChemFree Corp.*, 2008 WL 5234247.

   ⁴ The Errata Sheet and Affidavits will remain available for use at trial, as appropriate.

issues of fact with respect to dispositive motions. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

The sanction of striking the Errata Sheet and Wysopal Affidavits is also just. Wysopal's testimony during the December 18, 2008, deposition does not reflect any obvious confusion that would justify the material alterations he asserts in the Errata Sheet. Counsel for Defendants had the opportunity to question Wysopal at the deposition to develop any facts necessary to show that Wysopal was not thinking clearly, but he did not do so. Finally, the Errata Sheet does not reflect an attempt to clarify previous answers; instead, it is an attempt to rewrite the deposition testimony.[5]

Finally, striking the Errata Sheet and Wysopal's Affidavits does not preclude Defendants from presenting independent evidence, if any exists, of the date that the baseball caps at issue were first offered for sale.[6] Thus, by striking the Errata Sheet and Wysopal Affidavits for purposes of summary judgment, the Court is not precluding other evidence that Defendants may have presented establishing the date that the baseball caps at issue were first offered for sale.

Finally, Capsmith is also entitled to be reimbursed for the reasonable costs, including attorneys' fees, it incurred in filing the motion for sanctions and attending the hearing on the motion. Counsel should confer in a good faith attempt to determine the amount to be paid. If they

---

[5] As one Court aptly observed, "[a] deposition is not a take home examination." *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992).

[6] Such testimony cannot be presented through Rob Davey, however, as he also failed to appear at the continuation of the Rule 30(b)(6) deposition in violation of the Discovery Order.

are unable to reach an agreement, the Court will permit Capsmith to file a motion for assessment of the amount.

## V. CONCLUSION.

In light of the foregoing, it is hereby **ORDERED** that:

(1) The Errata Sheet, Wysopal Aff. No. 1, and Wysopal Aff. No. 2 are **STRICKEN** for purposes of summary judgment, and may not be cited or relied upon in support of or in opposition to such motions;

(2) On or before February 20, 2009, counsel shall confer in a good faith effort to resolve the amount of reasonable costs, including attorneys' fees, Capsmith incurred in preparing and filing the present motion for sanctions and attending the hearing on the motion;

(3) If the parties are unable to agree on the amount of reasonable costs, including attorneys' fees to be paid, then on or before March 6, 2009, Capsmith may file a motion for assessment of these amounts supported by the evidence of the reasonable hourly rate and reasonable number of hours worked by each professional for whom fees are sought and a statement of the costs and expenses actually incurred.

The Clerk of Court is directed to reflect on the docket that the following documents have been **STRICKEN**: Doc. Nos. 47-4 & 58, and the Errata Sheet, which was filed under seal with the transcript of Wysopal's deposition and a copy of which was marked at Court Ex. 1 during the

hearing on the motion for sanctions. The Clerk of Court shall not delete these documents from the electronic record, however, so that they will be available should review of this Order be sought.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record