**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CAPSMITH, INC,**

               **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-1572-Orl-22KRS**

**JAMES S. WYSOPAL and JSW
ENTERPRISES, INC., a California
corporation d/b/a Opener's Plus,**

               **Defendants.**

_____

## ORDER

On January 13, 2009, Plaintiff Capsmith, Inc., filed a motion to file under seal certain pages from the deposition of Defendant JSW Enterprises, Inc. (JSW) corporate representative, James S. Wysopal. Doc. No. 39. Capsmith plans to file these documents in support of its summary judgment motion, Doc. No. 38. Defendants James S. Wysopal and JSW moved to file the entire transcript under seal in connection with a motion for sanctions. Doc. No. 53. The Court granted the motion to seal subject to a later order unsealing the transcript in whole or in part. Doc. No. 55.

In its motion to file the transcript under seal, Defendants argued that the transcript is protected by a private protective order, due to unspecified confidential proprietary information contained in the transcript, but did not present evidence to support that assertion. It also did not designate by page and line numbers the portions of the deposition that it wishes to file under seal.

Documents filed in support of dispositive motions are subject to the "common-law right of access," which means that the public has the right to inspect and copy documents filed with the Court. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001). In evaluating motions to seal, the district court must balance the party's interest in keeping the information confidential against the public interest in accessing court documents. *See id.* at 1314-15; *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). In balancing the interests, courts consider, *inter alia*:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. In addition, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Middle District of Florida Local Rule 1.09 also addresses requests to file papers under seal. It requires, among other things, that the movant show "the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interests advanced by the movant in support of the seal." It is, however, the burden of the party asserting the protection to establish that a document should be filed under seal, not the opposing party who wishes to rely on the document. The parties' private protective order is insufficient to establish that documents should be filed under seal.

Accordingly, it is **ORDERED** that, on or before February 13, 2009, Defendants file a response to Plaintiff Capsmith's Motion and Memorandum to File Document Under Seal, Doc.

No. 39, and in support of Defendants' Motion and Memorandum to File Transcript Under Seal Pursuant to Court Order, Doc. No. 53. The response shall present evidence and legal authority supporting the filing of all or specifically identified portions of the Wysopal deposition transcript under seal. To the extent that Defendants contend that the deposition transcript reveals competitively sensitive information, the evidence should establish that such information is currently competitively sensitive, and they must identify by page and line numbers the location of such competitively sensitive information. *See Lockheed Martin Corp. v. Boeing Co.*, No. 6:03CV796ORL28KRS, 2005 WL 5278461, at *4 n.4 (M.D. Fla., Jan. 26, 2005).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 4, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE